Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 47127.**—Protests 994977–G, etc., of Associated Merchandising Corp. et al. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 47128.**—Protests 818182–G, etc., of Amer. Sponge & Chamois Co., Inc., et al. (New York).

.Opinion by WALKER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, APRIL 29, 1942.

**No. 47129.**—Protests 957981–G, etc., of New Victoria Importing Co. (Los Angeles).

Opinion by KINCHELOE, J. It was stipulated that the rugs in question are similar in all material respects to the cotton rugs the subject of Abstracts 34621 and 35549. In accordance therewith certain of the articles in question were held dutiable at 35 percent under paragraph 921, and others at 20 percent under paragraph 921 and T. D. 47600 as claimed.

**No. 47130.**—Protests 844936–G, etc., of Adlanco X-Ray Corp. et al. (New York).

Opinion by DALLINGER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, APRIL 29, 1942

**No 47131.**—Protest 955056–G of Atlas Marine Supply Co. (Los Angeles).

Opinion by KEEFE, J. At the trial it was stipulated that the merchandise in question consists of cylindrical and tubular tanks or vessels and that they are the same in all material respects as those passed upon in *Atlas Marine Supply Co.* v. *United States* (29 C. C. P. A. 20, C. A. D. 165). In accordance therewith the drums in question were held entitled to free entry under section 309 (a), Tariff Act of 1930, amended by section 5 (a), Customs Administrative Act of 1938.

**No. 47132.**—Protests 27321–K, etc., of H. P. Lambert Co., Inc., et al. (Boston).

Opinion by KEEFE, J. The testimony showed that the drums in question were very fragile in construction; that they had been used several times prior to their use as containers of the cod-liver oil; and that they were one-time shippers and generally unsatisfactory as containers of cod-liver oil. The record showed that the drums could not be further used as containers and were discarded as junk. Therefore they were not capable of entering commerce in competition with other drums as containers. On the record presented the drums in question were held entitled to free entry as claimed.